MARY EILEEN KILBANE, P.J., CONCURRING IN PART AND DISSENTING IN PART:
 

 {¶ 92} I concur with the majority's resolution of Nelson's second, third, fourth, and fifth assignments of error. I respectfully dissent, however, from the majority's conclusion in the first assignment of error that there is insufficient evidence in the record to support Nelson's conviction for aggravated murder under R.C. 2903.01(A).
 

 {¶ 93} The facts demonstrate that Nelson followed Leadbetter and Goins on his bicycle for approximately ten minutes before he approached them. Leadbetter turned around and noticed that Nelson got off his bicycle and was approaching them with his gun pointed. He told them to give up everything. When Goins did not cooperate with Nelson's orders and pulled out his own gun, Nelson shot Goins in the head. Goins then fired his gun at Nelson. Nelson ran down an alleyway, but then returned to shoot at Leadbetter, who was on the phone with 911. After Leadbetter ran away, Nelson took Goins's gun from the scene.
 

 {¶ 94} Based on these facts, I would find evidence of prior calculation by Nelson. Nelson left his house on the day in question carrying a loaded gun. He got on his bicycle and rode behind his victims for awhile before he approached them with his loaded gun out and pointed at both victims. He then killed Goins with a gunshot to the head and came back to shoot at Leadbetter and take Goins's gun. These actions were deliberate and well planned, not instantaneous.
 

 {¶ 95} For these reasons, I would overrule Nelson's first assignment of error.